## OBERSTALLER, *Appellant,*
### *v.*
## RICHEY, et al, *Respondents.*
### (No. 77-1347, CA 10607)
591 P2d 407

Jerry O. Lesan, Coos Bay, argued the cause for appellant. With him on the briefs was Rossi, Lesan & Johansen, Coos Bay.

Walter L. Barrie, Solicitor General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and W. Benny Won, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, Lee, Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Plaintiff brought this action for false arrest and malicious prosecution against a state police officer and the State Police Department. He appeals a judgment entered against him after the trial court sustained defendants' demurrer to his second amended complaint and he refused to plead again. The allegations of the second amended complaint were in material part as follows:

"FOR A FIRST CAUSE OF ACTION, plaintiff alleges:

"I

"At all times material herein defendant, Monte Richey, was employed by the State of Oregon and the Department of State Police as a patrolman and was acting within the scope of his employment.

"II

"On March 30, 1976, the defendant, Monte Richey, while operating an Oregon State Patrol vehicle on Interstate 5 in Douglas County, signaled plaintiff to stop the vehicle he was operating and issued plaintiff a citation for operating a motor vehicle without a tail light. Defendant, Monte Richey, then arrested, handcuffed, took into custody and confined plaintiff on a charge of recklessly endangering another person. At that time and place, plaintiff had committed no act whatsoever which endangered Monte Richey or any other person, recklessly or otherwise; plaintiff's arrest and confinement was without any probable cause to believe the crime of recklessly endangering another person or any other crime had been committed.

"III

"Immediately prior to signalling plaintiff to stop his motor vehicle, defendant, Monte Richey, had called for assistance from other police officers in the vicinity due to his misapprehension that he would have difficulty in issuing plaintiff a traffic citation and then radioed to cancel the call for assistance.

Prior to the call for assistance being cancelled, two or three patrolmen responded to the call, including two of Monte Richey's superior officers, and plaintiff was arrested because Monte Richey and his superior officers then present, concluded that whenever a patrolman makes a call for assistance, an arrest should result and not because plaintiff engaged in any conduct which would give rise to probable cause to believe a crime had been committed.

"* * * * *

"FOR A SECOND SEPARATE CAUSE OF ACTION, plaintiff alleges:

"I

"Realleges paragraphs I and IV [giving of timely notice] of plaintiff's first cause of action.

"II

"On or about March 31, 1976, defendants without probable cause intentionally and maliciously instituted criminal proceedings against plaintiff and on that day defendants charged plaintiff with the crime of Recklessly Endangering Another Person. The criminal proceedings were instituted by defendants at a time when defendants well knew no such conduct was engaged in by plaintiff's [sic] giving rise to probable cause to believe any crime whatsoever had been committed and instead was instituted in an attempt to justify an arrest previously made by defendants which defendants well knew was without any legal foundation.

"III

"The prosecution initiated by defendants hereinabove alleged terminated favorably to plaintiff by verdict and judgment of acquittal in May, 1976.

"* * * * *"

There is no dispute that plaintiff properly pleaded each of the elements of false arrest and malicious prosecution. The sole issue is whether the officer and the state were immune from liability because the alleged acts were "quasi-judicial" or "discretionary." If

the officer was immune for his individual acts within the scope of his employment, the state was also immune under former ORS 30.265(2)(a).[1]

■■ In *McBride v. Magnuson,* 282 Or 433, 578 P2d 1259 (1978), the court held that a police officer was not immune from liability where plaintiff's complaint

> "alleged as one 'cause of action' that defendant 'intentionally, maliciously and without probable cause, caused [her son] to be placed in protective custody,' and as a second 'cause of action' that defendant was negligent in making an investigation and report of burns suffered by the child, thereby causing him to be taken into protective custody and plaintiff to be subjected to judicial proceedings." 282 Or at 435.

Although the alleged acts of the defendants in this case are not precisely the same as those alleged in *McBride,* they are similar enough to compel the conclusion that the demurrer was improperly sustained. *Cf., Rogers v. Hill,* 281 Or 491, 576 P2d 328 (1978). Plaintiff's second cause of action contained an allegation of malice. His first cause of action was based on an allegation that the officer arrested him, not because the officer incorrectly concluded that he had probable cause, but because he had called for assistance.

The judgment and the order sustaining the demurrer are reversed and the matter remanded for trial.

Reversed and remanded.

---

[1] ORS 30.265(2)(a) provided in material part:

"(2) Every public body is immune from liability for:

"(a) Any claim for injury to or death of any person or injury to property resulting from an act or omission of an officer, employe or agent of a public body when such officer, employe or agent is immune from liability."